## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
CASE NO.:

HENRY OROZCO,

      Plaintiff,

vs.

HIBACHI GRILL, INC. a Florida profit corporation
D/B/A HIBACHI GRILL AND NOODLE BAR,
and JAIME ZAHRAN, individually, and OSAMA
JALAVI, individually,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff HENRY OROZCO, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants HIBACHI GRILL INC., a Florida profit corporation D/B/A HIBACHI GRILL AND NOODLE BAR (hereinafter, "HIBACHI GRILL"), JAIME ZAHRAN, individually (hereinafter ZAHRAN), and OSAMA JALAVI, individually (hereinafter, JALAVI) (collectively "DEFENDANTS") and states as follows[1]:

## **JURISDICTION AND VENUE**

1. This is an action for damages and other relief for unpaid overtime wages and unlawful termination committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

---

[1] Additionally, Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging sexual orientation discrimination and retaliation in violation of Plaintiff's rights under Title VII, the Florida Civil Rights Act, and local laws. Plaintiff will amend the Complaint to include these additional claims as such time when all required administrative remedies have been appropriately exhausted.

1

3.  Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4.  Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## **PARTIES**

5.  Plaintiff at all times pertinent to this complaint resided within Miami-Dade County, Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6.  During all times relevant to this Complaint, Plaintiff was employed by Defendants. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7.  Defendant HIBACHI GRILL is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.  Defendant HIBACHI GRILL had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8.  Defendant HIBACHI GRILL is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.  Specifically, Defendant HIBACHI GRILL is a restaurant where they use goods transported across interstate lines. Plaintiff regularly cooked on the line as well as assisted with the cleaning of the restaurant and customer service.

10. At all times material to this Complaint, HIBACHI GRILL, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly handled and cooked food products, utilized telephones, and cleaning supplies.

12. Defendant HIBACHI GRILL upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant ZAHRAN is a corporate officer of and/or owner and or manager, and exercised operational control over the activities of, corporate Defendant, HIBACHI GRILL.

14. Defendant ZAHRAN acted directly in the interest of the company, HIBACHI GRILL. Upon all available information, ZAHRAN controlled the manner in which Plaintiff performed his work and the pay he was to receive.

15. Defendant OSAMA JALAVI is a manager, and exercised operational control over the activities of, corporate Defendant, HIBACHI GRILL.

16. Defendant JALAVI acted directly in the interest of the company, HIBACHI GRILL. Upon all available information, JALAVI controlled the manner in which Plaintiff performed his work and the pay he was to receive.

17. All defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

18. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

19. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

20. Specifically, Plaintiff performed work for Defendants as a non-exempt full-time cook from on or about 2015 until on or about December 11, 2020.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. Based on the information currently available to Plaintiff, Plaintiff was paid an average rate of $15.50 per hour. He was paid every two weeks.

23. Plaintiff, routinely worked an average of 78 to 84 hours per week during the period of time covered by this Complaint. Specifically, the Plaintiff worked on average 13-to-14-hour days, six (6) days a week.

24. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

25. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

26. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

28. In November 2020, Plaintiff complained to Defendants about the Defendants' failure to pay at the proper rate for each hour of overtime. Specifically, Plaintiff complained to ZAHRAN and JALAVI.

29. On or around December 11, 2020, shortly after Plaintiff's last complaint, Plaintiff was terminated by JALAVI.

30. Plaintiff suffered adverse employment consequences as a result of his exercise of rights protected under the FLSA in that he claimed his right to payment of overtime wages.

31. Any other reason for Plaintiff's termination is merely pretext for Defendants' unlawful termination of Plaintiff.

32. The temporal proximity of Plaintiff's complaints regarding the improper pay and the adverse employment actions taken against him including but not limited to the constant store transfers and his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his rights under the law.

33. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

34. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**VIOLATION OF FLSA/OVERTIME**
**against HIBACHI GRILL**

35. Plaintiff, re-alleges and reaffirms paragraphs 1 through 34 as if fully set forth herein.

36. This action is brought by Plaintiff to recover from Defendant HIBACHI GRILL unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

37. Since the commencement of Plaintiff's employment HIBACHI GRILL has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

38. Specifically, throughout his employment Plaintiff regularly worked between 78-84 hours during each workweek in which he was employed.

39. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

40. HIBACHI GRILL is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). HIBACHI GRILL's business activities involve those to which the Fair Labor Standards Act applies.

41. The Plaintiff was a cook and was at all relevant times, covered by the FLSA.

42. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

43. HIBACHI GRILL has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

44. By reason of the said intentional, willful and unlawful acts of HIBACHI GRILL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

46. HIBACHI GRILL never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

47. As a result of HIBACHI GRILL's willful violations of the Act, Plaintiff is entitled to liquidated damages.

48. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from HIBACHI GRILL.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant HIBACHI GRILL:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
**VIOLATION OF FLSA/OVERTIME**
**against JAIME ZAHRAN**

49. Plaintiff, re-alleges and reaffirms paragraphs 1 through 34 as if fully set forth herein.

50. At the times mentioned, Defendant JAIME ZAHRAN was, and is now, a corporate officer of corporate Defendant, HIBACHI GRILL.

51. JAIME ZAHRAN was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JAIME ZAHRAN acted directly in the interests of Defendant HIBACHI GRILL in relation to their employees including Plaintiff.

52. Specifically, JAIME ZAHRAN supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

53. JAIME ZAHRAN had operational control of the business and is thus jointly liable for Plaintiff's damages.

54. Defendant JAIME ZAHRAN willfully and intentionally refused to properly pay Plaintiff

overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant JAIME ZAHRAN:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
**VIOLATION OF FLSA/OVERTIME**
**against OSAMA JALAVI**

55. Plaintiff, re-alleges and reaffirms paragraphs 1 through 34 as if fully set forth herein.

56. At the times mentioned, Defendant OSAMA JALAVI was, and is now, a manager of corporate Defendant, HIBACHI GRILL.

57. OSAMA JALAVI was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that OSAMA JALAVI acted directly in the interests of Defendant HIBACHI GRILL in relation to their employees including Plaintiff.

58. Specifically, OSAMA JALAVI supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto. In fact,

OSAMA JALAVI was the manager who terminated the Plaintiff.

59. OSAMA JALAVI had operational control of the business and is thus jointly liable for Plaintiff's damages.

60. Defendant OSAMA JALAVI willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant OSAMA JALAVI:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### FLSA RETALIATION
### against HIBACHI GRILL

61. Plaintiff, re-alleges and reaffirms paragraphs 1 through 34 as if fully set forth herein.

62. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified

or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

63. HIBACHI GRILL's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

64. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of his earned wages.

65. HIBACHI GRILL's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant HIBACHI GRILL:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
**FLSA RETALIATION**
**against JAIME ZAHRAN**

66. Plaintiff, re-alleges and reaffirms paragraphs 1 through 34 as if fully set forth herein.

67. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

68. JAIME ZAHRAN's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

69. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's transfers and termination as described above was Plaintiff's complaints for proper payment of his earned wages.

70. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant JAIME ZAHRAN:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
**FLSA RETALIATION**
**against OSAMA JALAVI**

71. Plaintiff, re-alleges and reaffirms paragraphs 1 through 34 as if fully set forth herein.

72. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

73. OSAMA JALAVI's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

74. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's transfers and termination as described above was Plaintiff's complaints for proper payment of his earned wages.

75. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant OSAMA JALAVI:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, HENRY OROZCO demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 27, 2021              **PEREGONZA THE ATTORNEYS, PLLC**

                                            1414 NW 107th Ave,
                                            Suite 302
                                            Doral, FL 33172
                                            Tel. (786) 650-0202
                                            Fax. (786) 650-0200

                                            By: /s/Nathaly Saavedra
                                            Nathaly Saavedra, Esq.
                                            Fla. Bar No. 118315
                                            Email: nathaly@peregonza.com

                                            By: /s/Juan J. Perez
                                            Juan J. Perez, Esq.
                                            Fla. Bar No. 115784
                                            Email: juan@peregonza.com